HALL, Judge.
Delta Mortgage Insurance Agency, Inc. filed suit on July 3, 1968 against Charles A. Garic, III, the sole proprietor of an insurance agency known as Charles A. Garic, III, Insurance Agency. The suit grows out of an alleged verbal agreement between the parties and involves a dispute as to which insurance agency is the proper agent for a large number of fire and casualty insurance policies on various insured properties in the City of New Orleans and vicinity. This suit is pending untried on the merits.
On October 22, 1968 Delta Mortgage Corporation filed a petition of intervention in the main suit in which it prayed for a preliminary, and ultimately a permanent injunction against Charles A. Garic, III, enjoining him from harassing, damaging or otherwise interfering with Delta Mortgage Corporation’s business affairs and especially from communicating to intervenor’s investors untrue information to the effect that intervenor is not providing uninterrupted insurance coverage for mortgaged property in accordance with its service contracts.
Following trial on the rule nisi judgment was rendered on October 25, 1968 in favor of intervenor ordering a preliminary writ of injunction to issue enjoining Charles A. Garic, III,
“ * * * from communicating to Delta Mortgage Corporation’s investors information to the effect that Delta Mortgage Corporation is not providing uninterrupted insurance coverage for mortgaged property in accordance with its service contracts, or otherwise contacting Delta Mortgage Corporation’s institutional investors concerning Delta Mortgage Corporation’s business affairs prior to a judicial determination of the dispute between Delta Mortgage Insurance Agency, Inc. and Charles A. Garic, III, Insurance Agency * * * ”
Charles A. Garic, III, prosecutes this devolutive appeal from that judgment.
The judgment appealed from was rendered on the intervention of Delta Mortgage Corporation against Garic. The main demand is not before us and Delta Mortgage Insurance Agency, Inc., plaintiff in the main demand, is not a party to this appeal.
The record reveals that the intervenor, Delta Mortgage Corporation, is a service company for numerous large investors in mortgage loans. It originates the loans, closes them, and sells the mortgage notes to investors principally in New York. Upon selling a mortgage note it enters into a service contract with the purchaser thereof whereby it obligates itself to collect the payments due on the mortgage loan and to see to it that proper insurance is effected and maintained on the property covered by the mortgage. Delta Mortgage Corporation places the insurance with an insurance agency chosen by it unless the mortgagor expresses a desire that the insurance be written by a particular agency. In any event Delta Mortgage Corporation *751 is obligated to collect from the mortgagor periodic payments towards liquidation of the insurance premiums. These payments are held in escrow by Delta Mortgage Corporation until the premiums become due at which time Delta Mortgage Corporation pays the premium to the agency which wrote the policy.
Delta Mortgage Corporation is presently servicing some $102,000,000.00 worth of loans involving 48 different investors and collects a fee from each of its investors for the services rendered under its service contracts. These fees amount to approximately $32,000.00 monthly.
It is important to note that an investor is free to cancel its service contract with Delta Mortgage Corporation at any time without penalty.
The record further reveals that there have been two corporations named “Delta Mortgage Corporation.” The original corporation bearing that name was organized in 1949. The name of that corporation was changed to “Black Mortgage Corporation” in June of 1967 for the sole purpose of permitting a new corporation to be formed bearing the name “Delta Mortgage Corporation.” When the new corporation was formed it acquired by purchase all of the service contracts formerly belonging to the old Delta Mortgage Corporation.
Mr. Douglas L. Black was the president of the old Delta Mortgage Corporation throughout its existence. During this period Mr. Black was the president of Delta Mortgage Insurance Agency, Inc. and most of the insurance of the old corporation had been placed with his agency.
When the present Delta Mortgage Corporation was organized in 1967 Mr. Black became its president and served as such until about three months before this suit was filed, when he became a paid consultant of the corporation. He is still president of Delta Mortgage Insurance Agency, Inc.
The main suit involves a dispute between Delta Mortgage Insurance Agency, Inc. and Garic arising out of an alleged verbal agreement between them. Delta Mortgage Insurance Agency, Inc. contends that the agreement was in the nature of a joint venture whereby it undertook to procure business and Garic undertook to handle all of the office work on a 50-50 split of the commissions. Garic contends that the agreement constituted a sale to him of the entire agency business including all of its files covering insurance placed with it by Delta Mortgage Corporation.
As a result of this dispute between Delta Mortgage Insurance Agency, Inc. and Garic doing business as “Charles A. Garic, III Insurance Agency” both insurance agents claim to be the proper agent for many insurance policies serviced by Delta Mortgage Corporation for account of its investors and Delta Mortgage Corporation has had difficulty in trying to discover to whom to pay the premiums on certain policies especially renewal premiums. Both insurance agencies were in some cases furnishing to Delta Mortgage Corporation renewal policies covering the same property and both were demanding payment of the premiums from the escrowed funds held by Delta Mortgage Corporation.
On August 14, 1968 Garic addressed letters to Delta Mortgage Corporation’s investors in which he stated in part:
“I am writing this letter to inform you of a situation presently existing in this area which I feel you, as an investor of Delta Mortgage Corporation should be made aware of.”
(Then follows a recitation from his viewpoint of his dispute with Delta Mortgage Insurance Agency, Inc.)
The letters then state:
“ * * * I now feel that as an insurance agent responsible for adequate uninterrupted coverage of buildings, the mortgages on which are owned by you, I must inform you fully of the difficulty I am *752 experiencing in attempting to fulfill my duties as an insurance agent in this area.
“It is now apparent that the actions of Delta Mortgage Corporation in withholding escrow payments from me and in accepting policies written by the Delta Mortgage Insurance Agency, Inc., a corporation owned by Douglas L. Black, the former president of Delta Mortgage Corporation, is detrimental to the interests of the various insured mortgagors and further that these and other activities of the Delta Mortgage Corporation in consort with the Delta Mortgage Insurance Agency, Inc., are inconsistent with the pertinent provisions of the Insurance Code of the State of Louisiana. I attach hereto a copy of a cease and desist order issued by the Insurance Commissioner of Louisiana which will illustrate one of the areas complained of herein.

“I would welcome any thorough investigation by your organization of the situation with a view toward avoiding any possible impairment of your investment in mortgages in this area and assisting me in fulfilling his duties as an insurance agent.”
As a result of the above letters cancellation of their service contracts with Delta Mortgage Corporation were threatened by some of its investors forcing it to make a special trip to New York to reestablish its business relationships with its investors and causing it expense, loss of time and embarrassment.
Due to the damage caused it arising out of the dispute between the two agencies Delta Mortgage Corporation attempted to bring about an understanding between them. As a result of its efforts the two agencies entered into a written agreement dated August 26, 1968 relative to the issuance of policies and the payment of premiums from the escrow account. However this effort to terminate the dispute proved unsuccessful and on October 11, 1968 Garic sent a telegram to Mr. C. W. Litchfield, the then president of Delta Mortgage Corporation, stating in part:
“Please be advised that unless we receive immediate payment of your account and unless the Delta Mortgage Insurance Agency is prevented from issuing unauthorized policies I will immediately request that all of the investors investigate all aspects of the entire portion in relation to our written agreement. I will specifically request that they investigate the continued affiliation between Delta Mortgage Company (sic) and Delta Mortgage Insurance Agency and also the use of unauthorized policies as a method of insurance solicitation.”
We are of the opinion that the letters of August 14, 1968 addressed to the investors of Delta Mortgage Corporation and the threat contained in the telegram of October 17, 1968 was an attempt by Garic to force Delta Mortgage Corporation to recognize Charles A. Garic, III Insurance Agency as the proper agent for handling the policies in question and that the sole motive thereof was to apply pressure on Delta Mortgage Corporation in connection with the matters to be adjudicated between the parties to the main demand.
Appellant, Garic, contends that he wrote the letters of August 14, 1968 because he owed a duty ot the mortgage holders to provide insurance coverage for them and was simply notifying them of the difficulty he was experiencing in carrying out his duties. We do not see it in that light. It was the duty of Delta, Mortgage Corporation under its service contracts to see to it that the mortgaged property was properly insured and that proper insurance was maintained at all times. There is no proof in the record that Delta Mortgage Corporation’s duty in this respect was not fully complied with in all respects.
Appellant contends that Delta Mortgage Corporation comes into Court with “unclean hands” in that all of its actions were influenced by Mr. Black, president of Delta *753 Mortgage Insurance Agency, Inc. and its own paid consultant. We find no proof in the record to sustain this contention. The only proof adduced is to the contrary.
In view of the fact that Delta Mortgage Corporation’s investors have the right to cancel their service contracts unilaterally at will without penalty Garic’s actions constitute a threat to Delta Mortgage Corporation’s entire business assets including its good will and unless an injunction is issued herein Delta Mortgage Corporation may suffer loss and damage which would be irreparable.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by Charles A. Garic, III, appellant.
Affirmed.